UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. BERRY and PATRICIA BERRY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ZACHARY PETRI, *et. al*,<br><br>　　　　　　　　　Defendants. | Case No. 25-cv-02367-BAS-DEB<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 4)**<br><br>**(2) DISMISSING PLAINTIFFS' COMPLAINT (ECF No. 1)** |

　　　　Plaintiffs Sean M. Berry and Patricia Berry ("Plaintiffs") are proceeding *pro se*—without an attorney. Plaintiffs filed a complaint on September 8, 2025, against Defendants Zachary Petri, Angel Manzano, and Chula Vista Police Department ("Defendants"). (ECF No. 1.) Plaintiffs seek to relief for the impoundment of their motor home by the Chula Vista Police Department and its officers. (*Id*.) Plaintiffs have also filed a motion seeking leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs. (ECF No. 4.) For the following reasons, the Court **GRANTS** Plaintiffs' motion to proceed IFP (ECF No. 4) and **DISMISSES WITHOUT PREJUDICE** their complaint (ECF No. 1) as failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **GRANTS** Plaintiffs leave to amend their complaint by no later than **January 5, 2026**.

**I.　　MOTION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement).

Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiffs' application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiffs—who are a married couple—receive $1248.00 per month in retirement, $1206.00 per month in disability payments, and $296.00 in public assistance for a total of $1502.00. (ECF No. 4.) Plaintiffs are unemployed. (*Id.*) Plaintiffs spend $1299.00 per month, total, in living expenses. (*Id.*) Further, according to their complaint, Plaintiffs are currently homeless. (ECF No. 1.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiffs' applications for leave to proceed IFP (ECF No. 4.)

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or ... seeks monetary relief against a defendant who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc). Proceedings in Forma Pauperis, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiffs assert 42 U.S.C.A. § 1983 ("§ 1983") claims against Defendants for violating their Fourth Amendment and Fourteenth Amendment rights when impounding Plaintiffs' motor home. (ECF No. 1 at 3–4.)

### A.   Chula Vista Police Department

The Ninth Circuit has held that police and sheriff departments in California can be subject to liability under § 1983 when acting for a county or city. *Streit v. County of Los Angeles,* 236 F.3d 552, 565 (9th Cir. 2001) (Los Angeles County Sheriff's Department); *see also Shaw v. Cal. Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 604–05 (9th Cir.1986) (San Jose Police Department). Under § 1983, municipal entities (such as the Chula Vista Police Department) can only be held liable when a custom or policy gives rise to a constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).

Courts in this Circuit have previously held that defendant police officers applying their police department's written policy "[to] impound vehicles for 30 days without securing a warrant, providing no constitutional justification for the decision to impound vehicles for 30 days, and barring officers from releasing those vehicles before the 30 days have run even when their owners can establish that the initial constitutional justification for the impound has vanished" was sufficient to establish a violation of a plaintiff's constitutional rights. *Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 981 (C.D. Cal. 2023). Courts in this Circuit have also, for example, held that a police department's policy of failing to notify owners before selling their impounded cars at an action was unconstitutional. *Johnson v. Bradshaw*, 772 F. Supp. 501, 506 (D. Nev. 1991), *aff'd,* 5 F.3d 537 (9th Cir. 1993). However, here, Plaintiff has not pointed to a formal policy or longstanding custom that caused her alleged constitutional injuries.

Nor has Plaintiff pointed to the police department's failure to train or supervise. For instance, Plaintiff has not pointed to a police department's failure to train its officers on

identifying which vehicles should be impounded or for how to give proper notice to vehicle owners prior to impoundment. *Ross v. Cnty. of Lake*, No. 24-CV-09475-JSC, 2025 WL 1489709, at *8 (N.D. Cal. May 23, 2025) ("*Monell* liability can turn on a municipality's failure to train its officers" when that failure the amounts to a deliberate indifference to the rights of persons with whom the police come into contact.").

Accordingly, Plaintiff's § 1983 claim against Defendant Chula Vista Police Department shall be **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

### B. Officer Defendants in their Official Capacities

Second, Plaintiffs sue Defendants Zachary Petri and Angel Manzano, officers of the Chula Vista Police Department ("Officer Defendants"), under § 1983 in their official capacities. (ECF No. 1.) "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Id.* So, the official capacity claims against Officer Defendants are **DISMISSED WITHOUT PREJUDICE**, with leave to amend, as redundant of the claims against the Chula Vista Police Department.

### C. Officer Defendants in their Personal Capacities

Third, Plaintiffs can sue state officials (such as police officers) in their personal capacities for damages. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). However, here, Plaintiffs explicitly note that Plaintiffs intend to sue Defendants Zachary Petri and Angel Manzano ("Officer Defendants") in their official capacities. So, the Court does not currently rule on whether Plaintiffs have sufficiently alleged § 1983 claims against Officer Defendants in their personal capacities.

If Plaintiffs were to amend their complaint and sue Officer Defendants in their personal capacity for damages, Plaintiffs would firstly, need to describe the actions of each Officer Defendant. *See e.g., Jeffrey-Steven of the House of Jarrett v. Hawai'i*, No. CV 24-00040 LEK-KJM, 2025 WL 2083202, at *2 (D. Haw. July 23, 2025) ("[I]f Plaintiff is suing

them in their individual capacities, he must state how each of them personally participated in the alleged violation of Plaintiff's rights."). Currently, Plaintiffs only describe the actions of Zachary Petri in their complaint, and not Angel Manzano. (ECF No. 1.) In addition, for each alleged constitutional violation, Plaintiffs need to allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Since Officer Defendants held themselves out to be acting as officers when allegedly impounding Plaintiffs' vehicles, they were acting "under the color of law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."). Thus, if amending their complaint, Plaintiffs would mainly need to prove whether Officer Defendants' individual actions when impounding Plaintiffs' motor home violated Plaintiff's constitutional rights.

Fourth Amendment: The impoundment of a motor home "is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005) ("The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy"). Accordingly, for such seizure to be unconstitutional, Plaintiffs must prove that such impoundment is unreasonable. *Id.* at 862 ("The Fourth Amendment protects against unreasonable interferences in property interests"). In evaluating the reasonableness of a motor home impoundment, a court will "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Sullivan,* 753 F.3d at 855 (9th Cir.2014) (quoting *Place,* 462 U.S. at 703).

A government's legitimate reasons for impounding a vehicle include removing any illegally parked vehicles or preventing those without valid driver's licenses from operating a vehicle in contravention of state or local law. *Smith v. Hoberg*, No. 18-CV-06279-JST,

2019 WL 13248005, at *2 (N.D. Cal. Oct. 29, 2019) (citing *Miranda*, 429 F.3d at 865). Conversely, factors weighing in favor a plaintiff seeking to recover their impounded motor homes include when that plaintiff is legally parked and when that plaintiff has a valid driver's license. *Id*. Additionally, the prolonged impoundment of a plaintiff's motor home (*e.g.*, impoundment lasting 30 days or longer, despite plaintiff's attempts to recover their vehicle) has been commonly held to weigh in favor of plaintiffs' allegations for Fourth Amendment violations. *See e.g., Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 4148261, at *1 (N.D. Cal. July 9, 2015), *aff'd,* 912 F.3d 509 (9th Cir. 2018) ("[T]he thirty-day impoundment of Mateos–Sandoval's vehicle was unreasonable and violated the Fourth Amendment.").

<u>Fourteenth Amendment</u>:  The Fourteenth Amendment provides that the State shall not "deprive any person of life, liberty or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  A lack of notice or a hearing prior to motor home impoundment is not grounds for finding a Fourteenth Amendment violation. *Rogers v. City of San Diego*, No. 18CV2746-WQH-MDD, 2019 WL 142174, at *5 (S.D. Cal. Jan. 8, 2019) (citing *Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988) ("Procedural due process under the Fourteenth Amendment does not require a hearing be given to the owner before a vehicle is towed.").

Further, though a lack of postdeprivation hearing may be grounds for a Fourteenth Amendment violation, "it is undisputed that California provides adequate postdeprivation opportunities for redress. Specifically, plaintiff would have a remedy pursuant to the California Government Tort Claims Act, Cal. Gov't.Code § 810 *et. seq.*" *Salvatto v. Cnty. of Solano*, No. CIV S04-0163 WBSGGH, 2007 WL 926788, at *7 (E.D. Cal. Mar. 27, 2007) (referencing *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1352 (9th Cir. 1981)). On the other hand, in *Wood v. Ostrander*, 879 F.2d 583, 587-88 (1989), the Ninth Circuit found governmental conduct manifesting "deliberate indifference" to an individual's interest in "personal security" was actionable under § 1983 as a violation of

the Fourteenth Amendment. More specifically, the *Wood* court found that plaintiff stated a claim for violation of the Fourteenth Amendment due process where an officers' actions resulted in leaving the passenger of impounded vehicle alone, at night, in a high-crime area. *Id*.

\* \* \*

In sum, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint (ECF No. 1) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiffs wish to amend their claims against the Chula Vista Police Department, Plaintiffs will need to allege that Defendants' alleged violations can be attributed to an official department or municipal policy or custom. Additionally, Plaintiffs will need to either drop their claims against Officer Defendants in their official capacities or drop their claims against the Chula Vista Police Department to sue Officer Defendants in their official capacities. Moreover, if Plaintiffs wish to sue Officer Defendants in their personal capacities instead of their official capacities, Plaintiffs will need to allege how the individual actions of each Office Defendant led to the violation of Plaintiffs' Fourth and Fourteenth Amendment rights. Plaintiffs will also need to state that they are seeking damages for those violations.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to proceed IFP (ECF No. 4) and **DISMISSES WITHOUT PREJUDICE** their complaint (ECF No. 1) as failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **GRANTS** Plaintiffs leave to amend their complaint by no later than **January 6, 2026**.

**IT IS SO ORDERED.**

**DATED: December 16, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court