**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SEAN M. BERRY and PATRICIA BERRY,

Plaintiffs,

v.

ZACHARY PETRI, *et. al*,

Defendants.

Case No. 25-cv-02367-BAS-DEB

**ORDER SCREENING PLAINTIFFS' AMENDED COMPLAINT, DISMISSING CLAIMS IN PART PER 28 U.S.C § 1915(e)(2), AND DIRECTING U.S. MARSHAL TO SERVE AMENDED COMPLAINT (ECF No. 7)**

Plaintiffs Sean M. Berry and Patricia Berry ("Plaintiffs") are proceeding *pro se*—without an attorney. Plaintiffs filed a complaint on September 8, 2025, against Defendants Zachary Petri, Angel Manzano, and Chula Vista Police Department. (ECF No. 1.) Plaintiffs seek to relief for the impoundment of their motor home by the Chula Vista Police Department and its officers. (*Id*.) Plaintiffs have also filed a motion seeking leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs. (ECF No. 4.) The Court has previously granted Plaintiffs' motion to proceed IFP, and dismissed Plaintiffs' complaint without prejudice. (ECF No. 5.)

- 1 -

On February 11, 2026, Plaintiffs filed an amended complaint against Defendants Chula Vista Police Department ("Chula Vista Police Department") and Zachary Petri ("Petri") (collectively, "Defendants").  (ECF No. 7.)

For the following reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims in their amended complaint against the Chula Vista Police Department for all causes of action and Petri for Plaintiffs' Fourteenth Amendment cause of action for state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 7.)  However, the Court permits Plaintiffs' amended complaint against Petri for Plaintiffs' Fourth Amendment cause of action to proceed.  (*Id*.)  Further, in accordance with the directions further specified in the conclusion of this Order, the Court further **DIRECTS** the Clerk of the Court to issue summons to Petri and to prepare an "IFP Package" and **ORDERS** the U.S. Marshal ("USMS") to serve Petri.

## I.      LEGAL STANDARD

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or ... seeks monetary relief against a defendant who is immune from such relief[.]"  *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc).  Proceedings in Forma Pauperis, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).  *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true,

25cv2367

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    ANALYSIS

Plaintiffs assert 42 U.S.C.A. § 1983 claims against Defendants for violating Plaintiff's Fourth Amendment and Fourteenth Amendment rights when impounding Plaintiffs' motor home. (ECF No. 7.)

### A.    Chula Vista Police Department

The Ninth Circuit has held that police and sheriff departments in California can be subject to liability under § 1983 when acting for a county or city. *Streit v. County of Los Angeles,* 236 F.3d 552, 565 (9th Cir. 2001) (Los Angeles County Sheriff's Department); *see also Shaw v. Cal. Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 604–05 (9th Cir.1986) (San Jose Police Department).  Under § 1983, municipal entities (such as the Chula Vista Police Department) can only be held liable when a custom or policy gives rise to a constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).  For example, a municipality must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Here, though Plaintiffs allege the Chula Vista Police Department "maintained customs or policies that allowed or encouraged the unlawful seizure or property," Plaintiffs do not point to any specific Chula Vista Police Department policy or custom.  *See e.g.*, *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017)(a police department could be sued for its written policy to impound vehicles for thirty days without securing a warrant); *Johnson v. Bradshaw*, 772 F. Supp. 501, 506 (D. Nev. 1991), *aff'd,* 5 F.3d 537 (9th Cir. 1993) (a police department could be sued for its policy of failing to notify owners before selling their impounded cars at an action).  Nor have Plaintiffs pointed to a specific training program of the Chula Vista Police Department that improperly instructs its police officers on lawful procedures for impounding vehicles. *Connick*, 563 U.S. at 61.

25cv2367

Because Plaintiffs did not correct this specific deficiency previously identified by the Court (ECF No. 5 at 4:6–5:7), it is appropriate for the Court to **DISMISS** Plaintiffs' claims against the Chula Vista Police Department **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tollette v. JPMorgan Chase Bank NA*, No. CV 13-04272 DDP FFMX, 2014 WL 1516544, at *4 (C.D. Cal. Apr. 17, 2014).

**B.    Zachary Petri**

Though Plaintiffs do not specify in their amended complaint whether they seek to sue Petri in his official or personal capacity, they state that Defendants (including Petri) "act[ed] under the color of law" when impounding Plaintiffs' motor home "without lawful authority." (ECF No. 7 at 2.)

Plaintiffs can sue state officials (such as police officers) in their personal capacities for damages when that official acts "under the color of state law" to "cause[] the deprivation of a federal right." *See Hafer v. Melo*, 502 U.S. 21, 25–27 (1991). Given the "color of law" language in Plaintiffs' amended complaint (ECF No. 7 at 2), the Court assumes Plaintiffs aim to sue Petri in his personal capacity.[1]

To succeed on Plaintiffs' claims against Petri in his personal capacity, they need to specify how Petri participated in the violation of Plaintiffs' rights. *See e.g., Jeffrey-Steven of the House of Jarrett v. Hawai'i*, No. CV 24-00040 LEK-KJM, 2025 WL 2083202, at *2 (D. Haw. July 23, 2025) ("[I]f Plaintiff is suing them in their individual capacities, he must state how each of them personally participated in the alleged violation of Plaintiff's rights."). In addition, for each alleged constitutional violation, Plaintiffs need to allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). So, to the extent Plaintiffs aim to sue Petri in his official capacity, Plaintiffs' claims would be barred by municipal immunity. *Id.*

- 4 -

Since the Court has dismissed Plaintiffs' Fourth and Fourteenth Amendment claims against the Chula Vista Police Department, the Court evaluates Plaintiffs' claims against Petri below.

### 1. Fourth Amendment

The impoundment of a motor home "is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005) ("The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy").

Accordingly, for such seizure to be unconstitutional, Plaintiffs must prove that such impoundment is unreasonable. *Id.* at 862 ("The Fourth Amendment protects against unreasonable interferences in property interests"). In evaluating the reasonableness of a motor home impoundment, a court will "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place,* 462 U.S. 696, 703 (1983)

A government's legitimate reasons for impounding a vehicle include removing any illegally parked vehicles or preventing those without valid driver's licenses from operating a vehicle in contravention of state or local law. *Smith v. Hoberg*, No. 18-CV-06279-JST, 2019 WL 13248005, at *2 (N.D. Cal. Oct. 29, 2019) (citing *Miranda*, 429 F.3d at 865). The prolonged impoundment of a plaintiff's motor home (*e.g.*, impoundment lasting 30 days or longer, despite plaintiff's attempts to recover their vehicle) has been commonly held to weigh in favor of plaintiff's allegations for Fourth Amendment violations. *See e.g., Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 4148261, at *1 (N.D. Cal. July 9, 2015), *aff'd,* 912 F.3d 509 (9th Cir. 2018) ("[T]he thirty-day impoundment of Mateos–Sandoval's vehicle was unreasonable and violated the Fourth Amendment."); *Brewster*, 859 F.3d at 1197 ("The 30-day impound of Brewster's vehicle constituted a seizure that required compliance with the Fourth Amendment.").

Here, Plaintiffs allege Petri, acting under the color of law, impounded their motor home "without lawful authority" (ECF No. 5 at 2). *See Smith*, 2019 WL 13248005, at *2.

25cv2367

Moreover, given that Plaintiffs are continuing to prosecute the current case to recover their vehicle well-past 30 days and have represented that they otherwise sought the return of their vehicle (ECF No. 7 at 3), the motor home impoundment is prolonged. *See Sandoval*, 2015 WL 4148261, at *1; *see also Brewster*, 859 F.3d at 1197. Thus, the Court finds Plaintiffs have adequately alleged a Fourth Amendment violation against Petri in his personal capacity and allows this claim to proceed.

### 2. Fourteenth Amendment

The Fourteenth Amendment provides that the State shall not "deprive any person of life, liberty or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A lack of notice or a hearing prior to motor home impoundment is not grounds for finding a Fourteenth Amendment violation. *Rogers v. City of San Diego*, No. 18CV2746-WQH-MDD, 2019 WL 142174, at *5 (S.D. Cal. Jan. 8, 2019) (citing *Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988) ("Procedural due process under the Fourteenth Amendment does not require a hearing be given to the owner before a vehicle is towed.").

Here, Plaintiffs allege that Petri deprived Plaintiffs of a post-seizure hearing in violation of the Fourteenth Amendment while acting under the color of law. (ECF Nos. 1, 7.) However, it is well established that "California provides adequate post-deprivation opportunities for redress" including pursuant to the California Government Tort Claims Act, Cal. Gov't. Code § 810 *et. seq. Salvatto v. Cnty. of Solano*, No. CIV S04-0163 WBSGGH, 2007 WL 926788, at *7 (E.D. Cal. Mar. 27, 2007) (referencing *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1352 (9th Cir. 1981)). Plaintiffs have neither alleged the steps they took to pursue a post-deprivation hearing, nor how Petri prevented Plaintiffs from accessing a post-deprivation hearing. Further, Plaintiffs do not allege that Petri's conduct manifested "deliberate indifference" to Plaintiffs' interest in "personal security". *Wood v. Ostrander*, 879 F.2d 583, 587–88 (9th Cir. 1989). For example, unlike *Wood,* 879 F.2d at 587–88, where plaintiff was left alone at night in a high-crime area,

25cv2367

Plaintiffs in this case: (1) had their vehicle impounded at 8:00am in the morning; (2) remained together, and (3) did not claim to feel unsafe or be in an unsafe area after their vehicle was impounded.  (*See* ECF No. 7 at 2.)

Because the Court previously informed Plaintiffs of how to correct their pleading deficiencies in their Fourteenth Amendment claims and they did not do so (ECF No. 5 at 7:11–8:4), it is appropriate for the Court to **DISMISS** Plaintiffs' Fourteenth Amendment claim against Petri **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tollette*, 2014 WL 1516544, at *4.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims in their amended complaint against the Chula Vista Police Department for all causes of action, and Petri for Plaintiffs' Fourteenth Amendment cause of action for state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  (*See* ECF No. 7.)  However, the Court permits Plaintiffs' amended complaint against Petri for Plaintiffs' Fourth Amendment cause of action to proceed.  (*Id.*)

More specifically, the Court:

1. **DIRECTS** the Clerk of the Court to terminate the Chula Vista Police Department as a party to this matter based on Plaintiff's failure to state a claim against it, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  In addition, the Clerk will provide Plaintiffs with certified copies of this Order, their First Amended Complaint (ECF No. 7), a copy of the order granting IFP (ECF No. 5), and the summons so that they may  serve Petri. Upon  receipt  of this "IFP Package," Plaintiffs are directed to complete the Form 285s as completely and accurately as possible, include  an  address  where  service  upon Petri is  to  be  made, *see* S.D. Cal. CivLR 4.1(c), and return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

2. **ORDERS** the USMS to serve a copy of the First Amended Complaint (ECF No. 7), a copy of the order granting IFP (ECF No. 5), and summons upon Petri as

directed by Plaintiff on the U.S. Marshal Form 285 and to promptly file proof of that service, or proof of any attempt at service, with the Clerk of Court. *See* S.D. Cal. CivLR 5.2. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Petri, once served, to reply to Plaintiffs' First Amended Complaint (ECF No. 7) within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) ("The Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

4. **ORDERS** Plaintiffs to serve upon Petri or, if appearance has been entered by counsel, upon Petri's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiffs must also include with the original filing with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the filing was also served on Petri, or counsel for Petri, and the date of such service. Any paper received by the Court that has not been filed with the Clerk or that fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

**DATED: March 10, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 8 -

25cv2367