# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. BERRY and PATRICIA BERRY,<br><br>                              Plaintiffs,<br><br>     v.<br><br>ZACHARY PETRI, *et. al*,<br><br>                              Defendants. | Case No. 25-cv-02367-BAS-DEB<br><br>**ORDER:**<br>   **(1) DENYING PLAINTIFFS' EX PARTE EMERGENCY APPLICATION (ECF No. 11); AND**<br><br>   **(2) DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 13)** |

Before the Court are Plaintiffs' Sean M. Berry and Patricia Berry motions for emergency relief, including: (1) an "ex parte emergency application" (ECF No. 11); and (2) a motion for a temporary restraining order (ECF No. 13).  Given that both motions

- 1 -

25cv2367

request emergency injunctive relief (ECF Nos. 11, 13), the Court considers them together as a request for a temporary restraining order.

In order to obtain a temporary restraining order, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1099 (S.D. Cal. 2012) (standard for granting a temporary restraining order is similar to standard for granting a preliminary injunction).

Here, Plaintiffs move for emergency relief on various grounds—the most viable of which is Plaintiff's claim for violation of the Fourth Amendment under 42 U.S.C. § 1983.[1] (ECF No. 11 at 1.)  Although Plaintiffs allege that Officer Angel Manzano seized their motorhome without a warrant (*id.*) and that allegation was sufficient at the screening stage (ECF No. 8), they fail to demonstrate that they meet the stringent standard of being likely to succeed on the merits as required for a temporary restraining order.  *See Springfield v. Valencia*, No. 219CV00965KJMCKDP, 2019 WL 6179543, at *2 (E.D. Cal. Aug. 26, 2019), *report and recommendation adopted*, No. 219CV0965KJMCKDP, 2019 WL 6170744 (E.D. Cal. Nov. 20, 2019) (citing 28 U.S.C. § 1915A(b)) ("[T]he screening standard under 28 U.S.C. § 1915A is far lower than that needed to demonstrate a likelihood of success on the merits . . . a claim need only be 'cognizable' in order to avoid dismissal at the screening stage).

In addition, Plaintiffs' motions for a temporary restraining order is premature.  No defendants have been served at this time and thus they have not been provided an opportunity to respond to plaintiff's allegations.  *See Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

---

[1] Plaintiffs do not explicitly link any factual support to the other stated causes of action.  (ECF Nos. 11, 13.)

injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Thus, for the reasons above, the Court **DENIES** Plaintiffs' motions for emergency relief. (ECF Nos. 11, 13.)

**IT IS SO ORDERED.**

**DATED: May 1, 2026**

_____

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

25cv2367