UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEAN M. BERRY and PATRICIA BERRY,

Plaintiffs,

v.

ZACHARY PETRI,

Defendant.

Case No. 25-cv-02367-BAS-DEB

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (ECF No. 30); AND**

**(2) DENYING PLAINTIFF SEAN M. BERRY'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 24)**

Pending before the Court are Defendant Zachary Petri's Motion to Enforce Settlement (ECF No. 30) and Plaintiff Sean M. Berry's ("Sean Berry") Motion for Preliminary Injunction (ECF No. 24). Plaintiffs Sean Berry and Patricia Berry ("Plaintiffs") have failed to file an opposition to Defendant's Motion to Enforce Settlement. (*See* ECF No. 32.) For the reasons below, the Court **GRANTS** Defendant's Motion to Enforce Settlement (ECF No. 30) and **DENIES AS MOOT** Sean Berry's Motion for Preliminary Injunction (ECF No. 24). The Clerk of Court is **DIRECTED TO CLOSE** the present action.

**I. MOTION TO ENFORCE SETTLEMENT (ECF No. 30)**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). To be enforced, a settlement agreement must meet two requirements. First, it must be a "complete agreement." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *see Callie*, 829 F.2d at 890. An agreement is complete when its "existence or terms" are not in dispute. *Callie*, 829 F.2d at 890 (internal citations omitted). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989)). Accordingly, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id.* (quotation omitted). "This is true even though the underlying cause of action is federal." *Id.* (citations omitted).

An oral settlement agreement recited in open court is binding and enforceable. *See, e.g., Brooks v. Tarsadia Hotels*, No. 21-56125, 2023 WL 4560834, at *1 (9th Cir. July 17, 2023) ("The district court properly found that the parties entered into an enforceable oral agreement in an early neutral evaluation before a magistrate judge, with the terms as the magistrate judge memorialized them."); *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1430 (2003) (failure of all parties to sign the written agreement does not alter the oral agreement's validity). An agreement announced on the record becomes binding, even if a party has a change of heart after the party agreed to its terms but before the terms are reduced to writing. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (internal citations omitted).

Here, Parties (Plaintiffs Sean Berry and Patricia Berry and Defendant Zachary Petri) entered into a complete oral agreement on July 29, 2026, at Magistrate Judge Daniel E.

Butcher's Early Neutral Evaluation Conference ("ENE"). (ECF Nos. 25, 30.) Magistrate Judge Butcher read the terms of the settlement—including paying Plaintiffs $2,500—to which Parties both agreed. (ECF No. 30-2, Ex. A at 10:6–11:18.) Plaintiffs each stated "yes" in response to Magistrate Judge Butcher's question, "Mr. and Ms. Berry, did I accurately and completely state the terms of the settlement you've agreed to from your perspective?" (*Id.* at 11:6–12.) The following day, Plaintiffs told Defendant they no longer agreed to the settlement, did not accept Defendant's check, and returned without comment a draft settlement agreement provided by Defendant's counsel. (ECF No. 30-1 ¶¶ 4–5.) On August 17, 2026, Plaintiffs represented their changed position in a Telephonic Status Conference held by Magistrate Judge Butcher. (*Id.* ¶ 6.) Defendant did not agree to any change in settlement terms. (*Id.*)

The agreement that Parties put on the record on July 29, 2026, at the ENE was a complete agreement because both Parties agreed to the terms Magistrate Judge Butcher had memorialized on the record. *See* Cal. Civ. Proc. Code § 664.6; *Brooks*, 2023 WL 4560834, at *1; *Maynard*, 37 F.3d at 1401; *Harrop*, 550 F.2d at 1144–45; *Blix St. Recs., Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010). Moreover, Plaintiffs' later change of heart does not change the binding nature of the agreement reached at the ENE. *Doi*, 276 F.3d at 1138. And Defendant did not consent to any change in settlement terms. *Cf. In re Marriage of Doud*, 181 Cal. App. 3d 510, 519 (Ct. App. 1986) (noting that an "agreement, subject to contract principles, cannot be modified without the consent of the parties"); *People v. Martin*, 51 Cal. 4th 75, 80 (2010) ("[W]hen the trial court accepts [an agreement], the agreement is binding on the parties and the court.").

In addition, Plaintiffs Sean Berry and Patricia Berry ("Plaintiffs") have failed to file an opposition to Defendant's Motion to Enforce Settlement. (*See* ECF No. 32.) The Court can grant Defendant's Motion to Enforce Settlement on that basis alone. *See* CivLR 7.1.f.3.c; *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, No. 3:18-CV-02280-DMS-AHG, 2022 WL 2712039, at *7 (S.D. Cal. July 11, 2022) ("Since the CEDI parties have

failed to oppose the motion to enforce the settlement agreement, on this ground alone, the Court could grant the motion.").

Thus, the Court **GRANTS** Defendant's Motion to Enforce Settlement (ECF No. 30) regarding the settlement reached by Parties at the ENE.

## II. MOTION FOR PRELIMINARY INJUNCTION (ECF No. 24)

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Sean Berry's Motion for Preliminary Injunction does not address the four *Winters* factors that a plaintiff must establish to support a preliminary injunction, namely that is he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Ludwig v. Nevada*, No. 3:24-CV-00301-ART-CLB, 2025 WL 1576616, at *1 (D. Nev. June 4, 2025) (denying plaintiff's motion for preliminary injunction where the motion "does not include points and authorities in support of his motion" or address the *Winter* factors); *Kapu v. Att'y Gen. Hawaii*, No. CV 17-00213 DKW-RLP, 2017 WL 4479252, at *6 (D. Haw. Oct. 6, 2017) (finding plaintiff "fails to meet the substantive burden to justify the remedy he seeks" where plaintiff's motion for preliminary injunction "fails to set forth any cognizable claim for relief").

Therefore, the Court **DENIES** Sean Berry's Motion for Preliminary Injunction. (ECF No. 24.) Moreover, given that Parties have reached a settlement, the Court's denial is **WITH PREJUDICE**. (*Id.*)

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Enforce Settlement (ECF No. 30) and **DENIES WITH PREJUDICE** Sean Berry's Motion for

Preliminary Injunction (ECF No. 24). The Clerk of Court is **DIRECTED TO CLOSE** the present action.

**IT IS SO ORDERED.**

**DATED: October 15, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**